UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| THOMAS SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00133-TWP-KMB |
| | ) |
| TK ELEVATOR CORPORATION, | ) |
| SCHINDLER ELEVATOR CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTIONS
FOR EXTENSION OF TIME PURSUANT TO RULE 56(d)**

Presently pending before the Court are two Motions for Extension of Time under Rule 56(d) filed by Plaintiff Thomas Sullivan. [Dkts. 24; 25.] In both of his motions—which are identical, other than that his second motion contains a draft order, [dkt. 25]—Mr. Sullivan claims that he has not had an opportunity to conduct discovery necessary to respond to Defendant TK Elevator Corporation's ("TK Elevator") pending Motion for Summary Judgment. [Dkts. 24; 25.] TK Elevator opposes Mr. Sullivan's request for additional time, arguing that Mr. Sullivan has delayed pursuing discovery, discovery is not necessary, and it is entitled to a timely response from Mr. Sullivan. [Dkt. 26.] For the reasons detailed below, Mr. Sullivan's Motion for Extension of Time under Rule 56(d), [dkt. 24], is **DENIED AS MOOT**, and Mr. Sullivan's Motion for Extension of Time under Rule 56(d), [dkt. 25], is **DENIED**. The Court **ORDERS** Mr. Sullivan to respond to TK Elevator's Motion for Summary Judgment **no later than March 1, 2024.**

## I. RELEVANT BACKGROUND

This action concerns an alleged elevator malfunction and resulting injuries. In July 2022, Mr. Sullivan alleges that he was riding in an elevator at the Rising Star Casino when the elevator cable broke loose, causing the elevator to fall three stories with Mr. Sullivan inside. [Dkt. 1-1 at 1.] As a result of the fall, Mr. Sullivan alleges that he suffered significant injuries. [*Id.*] Mr. Sullivan alleges that TK Elevator is liable for failing to exercise reasonable care in inspecting and maintaining the elevator at issue.[1] [*Id.*]

About three months after this action was filed, TK Elevator moved for summary judgment, arguing that while it installed the elevator at the Rising Star Casino in 2013, its contract to inspect and maintain the elevator ended in 2014 and was never renewed. [*See* dkt. 20.] Therefore, TK Elevator claims that it is not a proper party to this litigation and should be dismissed because it had no duty to inspect or maintain the elevator when the alleged incident occurred. [*Id.*] Rather than filing a response to TK Elevator's Motion for Summary Judgment, Mr. Sullivan filed the pending motions requesting additional time to conduct discovery so that he can effectively respond to TK Elevator's assertions. [Dkts. 24; 25.] TK Elevator opposes Mr. Sullivan's request for additional time, and the matter is ripe for the Court's review.

## II. APPLICABLE STANDARD

"District Courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores East, L.P.*, 46 F.4th 587, 601 (7th Cir. 2022); *see also Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755

---

[1] Mr. Sullivan has asserted claims against two Defendants—TK Elevator and Schindler Elevator Corporation—but the present motions concern only Mr. Sullivan's claims against TK Elevator.

2

F.3d 832, 839 (7th Cir. 2014) (citations and internal quotation marks omitted) (emphasizing that district courts "enjoy broad discretion . . . in delimiting the scope of discovery in a given case").

Federal Rule of Civil Procedure 56(d) "permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that 'it cannot present facts essential to justify its opposition.'" *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627–28 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(d)). The party asking for additional discovery must demonstrate the need for it by affidavit, Fed. R. Civ. P. 56(d), and must "state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery." *Sterk*, 770 F.3d at 628 (citation omitted). The party requesting additional discovery has the "burden to identify material facts needed to oppose summary judgment," *id.*, and must name "specific evidence" which might be obtained through further discovery "that that would create a genuine issue as to [a] material fact." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005). This showing requires "more than a fond hope that more fishing might net some good evidence." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019) (citing *Davis*, 396 F.3d at 885 and *Kallal v. CIBA Vision Corp.*, 779 F.3d 443, 446 (7th Cir. 2015)).

### III.  DISCUSSION

In support of his Motion for Relief under Rule 56(d), Mr. Sullivan argues that the Court should deny or defer ruling on TK Elevator's Motion for Summary Judgment because he has not had an opportunity to properly engage in discovery and cannot respond fully to the motion. [Dkt. 25 at 2.] According to Mr. Sullivan, TK Elevator's Motion for Summary Judgment is premature because Mr. Sullivan has only just obtained an elevator expert and such expert knowledge is necessary "to create and draft discovery to defendants in this matter." [*Id.*] Now having acquired

3

an expert, Mr. Sullivan claims that he can conduct the necessary discovery and that forthcoming "depositions of essential fact witnesses" will allow him to respond to TK Elevator's Motion for Summary Judgment. [*Id.*] Mr. Sullivan finally argues that TK Elevator's "Motion for Summary Judgment does not address or conclusively prove that [TK Elevator] did not negligently manufacture, install, or inspect said elevator." [*Id.* at 1.]

In response, TK Elevator contends that Mr. Sullivan "has failed to state a logical basis for why he needs discovery," so his motion should be denied. [Dkt. 26 at 4.] TK Elevator argues that because TK Elevator's contract to inspect and maintain the elevator ended in 2014, it cannot be responsible for any issues in 2022 when the incident at issue occurred. [*Id.* at 2.] In TK Elevator's estimation, no discovery will change the fact that the contract ended in 2014, so waiting for Mr. Sullivan to conduct depositions of fact witnesses is unnecessary. [*Id.* at 2–3.] TK Elevator also notes that it has been nine months since the case was filed in state court and that Mr. Sullivan has conducted no discovery to date. [*Id.* at 2.] TK Elevator also argues that it does not matter whether its Motion for Summary Judgment proves that it did not negligently manufacture or install the elevator at issue, since the First Amended Complaint only alleges that it maintained and inspected the elevator. [*Id.* at 3.] Finally, TK Elevator argues that Mr. Sullivan's motion should be denied because Rule 56(d) requires an attached affidavit and neither of his motions includes an attached affidavit. [*Id.* at 3–4.]

Mr. Sullivan did not file a reply brief.

The Court notes that the two motions Mr. Sullivan filed on this issue are identical except that Mr. Sullivan's second motion, [dkt. 25], includes a proposed order and appears to be the one he wants considered. Because Mr. Sullivan's second Motion for Extension of Time is duplicative of the first, Mr. Sullivan's first motion, [dkt. 24], is denied as moot.

4

Turning to Mr. Sullivan's second Motion for Extension of Time, the Court construes Mr. Sullivan's failure to file a reply brief in support of his motion as an acknowledgment of the correctness of TK Elevator's position that an extension of time to complete discovery is not warranted here. *See East v. Astrue*, 2010 WL 1751720, at *1 (S.D. Ind. Apr. 30, 2010) (interpreting the claimant's "failure to file a reply brief as an acknowledgment of the correctness of the Commissioner's" arguments); *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

After reviewing the Parties' arguments, the Court agrees with TK Elevator that Mr. Sullivan has not met his burden to show that a delay in considering TK Elevator's Motion for Summary Judgment is warranted. A party requesting additional discovery must show that "for specified reasons[] [he] cannot present facts essential to justify [his] opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(d). Mr. Sullivan does not identify any specific reasons for needing an extension of time, and he does not identify any particular evidence that he allegedly needs in order to adequately respond to the specific arguments that TK Elevator raises in its Motion for Summary Judgment. Rather, Mr. Sullivan only generically asserts that, given more time, he "will be in a position to take depositions of essential fact witnesses to be able to respond to defendant's motion for summary judgment," but this reasoning is not sufficient under the Rule 56(d) standard. [Dkt. 25 at 2.] Mr. Sullivan's failure to offer any specified reasons in his motion is made worse by his failure to attach an affidavit as required by Federal Rule of Civil Procedure 56(d). *See Kallal*

*v. CIBA Vision Corp.*, 779 F.3d 443, 446 (7th Cir. 2015) (affirming denial of Rule 56(d) request for additional discovery where party did not submit affidavit as required).

Although TK Elevator's Motion for Summary Judgment was filed only about three months after this case's removal to this Court, and while the discovery deadline is still several months away, TK Elevator has moved for summary judgment on a purely legal matter. TK Elevator claims that it should be dismissed from this matter because it did not have a maintenance/service contract for the subject elevator at the time of the alleged incident, and this fact won't change with additional written discovery and depositions. This assertion is supported by a signed affidavit stating that TK Elevator's contract with Rising Start Casino ended in 2014, [dkt. 20-1 at 1-2], as well as an acknowledgement by Schindler Elevator Corporation "it has a maintenance contract with the subject location," [dkt. 7 at 2]. Without any "specified reasons" from Mr. Sullivan explaining why he cannot adequately respond to TK Elevator's motion, the Court finds that additional discovery is not necessary to rebut TK Elevator's position that it did not have a contractual relationship with Rising Start Casino and therefore had no legal duty to Mr. Sullivan.

Finally, while Mr. Sullivan claims that TK Elevator's Motion for Summary Judgment does not "address or conclusively prove that defendants did not negligently manufacture, install, or inspect said elevator," Mr. Sullivan's First Amended Complaint does not contain any allegations that TK Elevator negligently manufactured or installed the elevator in question, and whether a moving party's motion will prevail does not have any bearing on whether the nonmoving party can adequately respond to said motion. [*See* dkt. 1-1 at ¶ 9 (alleging "[t]hat the incident and resultant permanent injuries of plaintiff were caused by the negligence of the defendants who failed to utilize reasonable care in the *inspection* and *maintenance* of said premises, particularly in not properly inspecting all parts of the elevator including the lift cables") (emphases added).]

6

For all of these reasons, the Court finds that Mr. Sullivan has not met his burden of demonstrating the need for additional discovery to oppose TK Elevator's Motion for Summary Judgment. *See Sterk*, 770 F.3d at 628.

## IV.  CONCLUSION

For the reasons stated herein, Mr. Sullivan's Motion for Extension of Time under Rule 56(d), [dkt. 24], is **DENIED AS MOOT**, and Mr. Sullivan's Motion for Extension of Time under Rule 56(d), [dkt. 25], is **DENIED**.  Mr. Sullivan is **ORDERED** to respond to TK Elevator's Motion for Summary Judgment **no later than March 1, 2024.**

**SO ORDERED.**

Date: 2/9/2024

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Madeline L High
RENDIGS, FRY, KIELY & DENNIS, L.L.P.
600 Vine Street
Suite 2650
Cincinnati, OH 45202